1
2
3
4
5
6
7
8
9
10              UNITED STATES DISTRICT COURT
11             SOUTHERN DISTRICT OF CALIFORNIA
12
13   DAVID CHO, an individual,              )   Civil No. 12-cv-1410-L(JMA)
                                            )
14                  Plaintiff,              )   **ORDER GRANTING MOTION TO**
                                            )   **DISMISS FIRST AMENDED**
15   v.                                     )   **COMPLAINT WITHOUT LEAVE TO**
                                            )   **AMEND [DOC. # 3]**
16   CITIBANK, N.A., a national association, )
     AMERICAS SERVICE COMPANY, a            )
17   loan servicing corporation, MORTGAGE   )
     ELECTRONIC REGISTRATION               )
18   SYSTEMS, INC., a Delaware corporation, )
                                            )
19                  Defendants.
20   _____

21        This action arises from Plaintiff David Cho's allegation that the deed of trust for a

22   residential home mortgage involving Defendants Citibank, Americas Service Company

23   ("ASC"), and Mortgage Electronic Registration Systems ("MERS")  (collectively "Defendants")

24   was defective and therefore could not provide as the basis for foreclosure.  Defendants now

25   moves to dismiss the First Amended Complaint ("FAC"), which asserts five causes of action: 1)

26   Declaratory Judgment Re: Trust Deed; 2) Slander of Title; 3) Lack of Standing and Request to

27   Set Aside Trustee's Sale; 4) Wrongful Eviction; and 5) Injunction.  Plaintiff opposes.

28        The Court found this motion suitable for determination on the papers submitted and

without oral argument.  *See* Civ. L.R. 7.1(d.1).  (Doc. 5.)  For the following reasons, the Court **GRANTS WITHOUT LEAVE TO AMEND** Defendant's motion to dismiss the FAC.

**I.     BACKGROUND**

Shannon Cho owned real property located at 9629 Misty Meadow Lane, Escondido, California ("Property").  (FAC ¶ 8.)  On January 19, 2007, she executed a promissory note secured by a deed of trust ("DOT") on the property.  (*Id.* at  ¶ 10-11.)  Homewide Lending, Corp. was the lender of the loan, First American Title Company was the trustee under the deed of trust, and MERS was designated as the beneficiary under the deed of trust, acting solely as the nominee for Lender and Lender's successors and assigns.  (*Id.* at  ¶ 11, Ex. C.)

On or around January 27, 2010, Cho defaulted under the terms of the note and was served with a Notice of Default and Election to Sell ("NOD") by NDex West, LLC, acting as an agent for defendant ASC.  (FAC ¶ 12, Ex. D.)  Around January 2010, Cho alleges that she initiated her loan modification.  (FAC  ¶ 13.)  Plaintiff David Cho ("Plaintiff"), Shannon Cho's brother, alleges that Defendant ASC failed to inform her that it was the mortgagee under the 2007 DOT and that Cho had believed her loan payments were being made to the lender Homewide.  (FAC ¶ 12-13.)

Defendant MERS recorded an Assignment of Deed of Trust on February 16, 2010, where it purportedly assigned the 2007 DOT to Defendant Citibank.  (FAC ¶ 14, Ex. E.)  On March 3, 2010, a Substitution of Trustee was recorded by NDex West, as agent for defendant Citibank, where the trustee under the 2007 DOT, First American Title Company, was substituted out in place of NDex West.  (FAC ¶ 15, Ex. F.)  On April 28, 2010, a Notice of Trustee's Sale was recorded by defendant Citibank against the Property with the trustee's sale to take place on May 20, 2010.  (FAC ¶ 15, Ex. G.)  The Property was sold to defendant Citibank on December 2, 2010 at the trustee's sale.  (FAC ¶ 17, Ex. I.)

On or around May 12, 2011, Plaintiff, through a power of attorney, filed a complaint in the Superior Court of the State of California, County of San Diego.  (Def.'s Motion 1:12-14.)  Defendant filed a demurrer to the Original Complaint pursuant to California Code of Civil Procedure § 430.10(e).  (Def.'s Motion 1:21-22.)  On May 15, 2012, Plaintiff served Defendant

1 his First Amended Complaint.  (*Id.* at 1:23.)  In his FAC, Plaintiff asserts five causes of action:

2 1) Declaratory Judgment Re: Trust Deed; 2) Slander of Title; 3) Lack of Standing and Request to

3 Set Aside Trustee's Sale; 4) Wrongful Eviction; and 5) Injunction.

4     On June 11, 2012, Defendants removed this action to the United States District Court of

5 the Southern District of California in San Diego, California under 38 U.S.C. § 1446(b)(3).  (Doc.

6 1.)  Defendants now moves to dismiss the FAC based on Federal Rule of Civil Procedure

7 12(b)(6).  (Doc. 3.)

8 **II.    LEGAL STANDARD**

9     The court must dismiss a cause of action for failure to state a claim upon which relief can

10 be granted.  Fed. R. Civ. P. 12(b)(6).  A motion to dismiss under Rule 12(b)(6) tests the legal

11 sufficiency of the complaint.  *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  The court

12 must accept all allegations of material fact as true and construe them in light most favorable to

13 the nonmoving party.  *Cedars-Sanai Med. Ctr. v. Nat'l League of Postmasters of U.S.*, 497 F.3d

14 972, 975 (9th Cir. 2007).  Material allegations, even if doubtful in fact, are assumed to be true.

15 *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  However, the court need not "necessarily

16 assume the truth of legal conclusions merely because they are cast in the form of factual

17 allegations."  *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003)

18 (internal quotation marks omitted).  In fact, the court does not need to accept any legal

19 conclusions as true.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 667 (2009).

20     "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed

21 factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief'

22 requires more than labels and conclusions, and a formulaic recitation of the elements of a cause

23 of action will not do."  *Twombly*, 550 U.S. at 555 (internal citations omitted).  Instead, the

24 allegations in the complaint "must be enough to raise a right to relief above the speculative

25 level."  *Id.*  "To survive a motion to dismiss, a complaint must contain sufficient factual matter,

26 accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Iqbal*, 129 S. Ct. at

27 1949 (citing *Twombly*, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff

28 pleads factual content that allows the court to draw the reasonable inference that the defendant is

1   liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability

2   requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."

3   *Id.* A complaint may be dismissed as a matter of law either for lack of a cognizable legal theory

4   or for insufficient facts under a cognizable theory. *Robertson v. Dean Witter Reynolds, Inc.*, 749

5   F.2d 530, 534 (9th Cir. 1984).

6       Generally, courts may not consider material outside the complaint when ruling on a

7   motion to dismiss. *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19

8   (9th Cir. 1990). However, documents specifically identified in the complaint whose authenticity

9   is not questioned by parties may also be considered. *Fecht v. Price Co.*, 70 F.3d 1078, 1080 n.1

10  (9th Cir. 1995) (superceded by statutes on other grounds). Moreover, the court may consider the

11  full text of those documents, even when the complaint quotes only selected portions. *Id.* It may

12  also consider material properly subject to judicial notice without converting the motion into one

13  for summary judgment. *Barron v. Reich*, 13 F.3d 1370, 1377 (9th Cir. 1994).

14  **III.   DISCUSSION**

15      As a threshold matter, Defendants argue that all of Plaintiff's causes of action fail

16  because he cannot tender the amounts owed as required in order to challenge a trustee's sale.

17  (Defs.' Motion 4:4-18.) Plaintiff responds that tender is not required because he is challenging

18  Defendants' standing–a cause of action for which he believes tender is not required. (Pl.'s

19  Opp'n 14:9-10.) For the following reasons, the Court finds that tender is required, and therefore

20  Plaintiff's causes of action all fail because of his failure to allege the ability to tender.

21      "The rules which govern tenders are strict and are strictly applied." *Nguyen v. Calhoun*,

22  105 Cal. App. 4th 428, 439 (2003). "A tender is an offer of performance made with the intent to

23  extinguish the obligation." *Arnolds Mgmt. Corp. v. Eischen*, 158 Cal. App. 3d 575, 580 (1984).

24  "A tender must be one of full performance . . . and must be unconditional to be valid." *Id.*

25  "Nothing short of the full amount due the creditor is sufficient to constitute a valid tender, and

26  the debtor must at his peril offer the full amount." *Rauer's Law & Collection Co. v. Sheridan*

27  *Proctor Co.*, 40 Cal. App. 524, 525 (1919).

28      "[A]n action to set aside a trustee's sale for irregularities in sale notice or procedure

4

12cv1410

1   should be accompanied by an offer to pay the full amount of the debt for which the property was
2   security." *Karlsen v. Am. Sav. & Loan Ass'n*, 15 Cal. App. 3d 112, 117 (1971). "A valid and
3   viable tender of payment of the indebtedness owing is essential to an action to cancel a voidable
4   sale under a deed of trust." *Id.* In the case of a voidable trustee's sale, the defaulting borrower
5   has a right to redeem the property. *Id.* at 121. When the borrower "fails to effectively exercise
6   [the] right to redeem, the sale becomes valid and proper in every aspect." *Id.* A cause of action
7   "implicitly integrated" with the irregular sale also fails, unless the defaulting borrower can allege
8   and establish a valid tender. *Id.*

9        Here, all of Plaintiff's causes of action depend on the purported invalid foreclosure sale
10   resulting from various documents recorded in foreclosing the property (*see* FAC ¶¶ 20-27, 32-
11   55)—or, in other words, due to irregularities in the sale procedure—and are therefore "implicitly
12   integrated" with it. These documents include the notice of default, notice of trustee's sale,
13   substitution of trustee, and assignment of deed of trust.[1] Consequently, Plaintiff must establish
14   valid tender. *See Karlsen*, 15 Cal. App. 3d at 121. But Plaintiff does not deny that he fails to
15   allege the requisite tender. Rather, he contends that tender is not required because he is
16   challenging Defendants' standing rather than the foreclosure sale.

17        Plaintiff directs the Court to *Lona v. Citibank, N.A.*, 202 Cal. App. 4th 89 (2011), for the
18   proposition that tender is not required where Plaintiff denies any liability, relationship or privity
19   of contract with Defendant. (Pl.'s Opp'n 14:11-13.) That is an incomplete representation and
20   the case here is distinguishable from *Lona*. In *Lona*, the court held that the homeowner was not
21   required to produce tender of the debt because he was attacking the validity of the underlying
22   loan and deed of trust as unconscionable. *See Lona*, 202 Cal. App. 4th at 105. The plaintiff in
23   *Lona* had an eighth grade education from Mexico and came to the United States at the age of 15.
24   *Id.* at 97-98. Lona's English was limited and he had testified through an interpreter at his

25

26        [1]Plaintiff has included Exhibits A-I in his FAC and has incorporated them by reference. These
27   exhibits include the deed of trust, notice of default and election to sell under the deed of trust,
     assignment of deed of trust, substitution of trustee, and the like. Defendants have requested judicial
28   notice for substantially the same documents. Accordingly, the Court takes judicial notice of the Exhibits
     in Plaintiff's FAC and will consider them in this motion. *See Barron*, 13 F.3d at 1377.

12cv1410

1  deposition.  *Id*.  He claimed that he did not fully understand the loan documents that he had

2  signed.  *Id*.  Plaintiff has noticeably omitted these facts from *Lona* in his opposition.

3  Furthermore, *Lona* does not address the issue of defendant's standing, which is what Plaintiff is

4  challenging here.  (Pl.'s Opp'n 14:10-11.)  Lastly, Plaintiff cites *Lona* for an inapplicable

5  proposition since Plaintiff does not deny "any liability, relationship or privity of contract with

6  Defendant."  (*See* FAC.)  Accordingly, the Court finds this argument without merit.

7      In sum,  *Lona* fails to provide Plaintiff any relief from the tender rule.[2]  And he fails to

8  show that the foreclosure is void.  *See Lona*, 202 Cal. App. 4th at 105.  Therefore, Plaintiff must

9  allege the ability to tender, but fails to do so.  *See Karlsen*, 15 Cal. App. 3d at 121.  Due to this,

10  Plaintiff's claim fails to meet the *Twombly* pleading standard.  *See Twombly*, 550 U.S. at 570.

11  But the Court will continue its analysis and briefly address Plaintiff's causes of action.

12      **B.    Plaintiff Fails To Plead Sufficient Facts Showing That He Has A Plausible**
13           **Claim For Declaratory Judgment Re: The Trust Deed.**

14      The borrower of a promissory note may not bring an action to determine whether the

15  owner of the note had authority to conduct a nonjudicial foreclosure.  *Gomes v. Countrywide*

16  *Home Loans, Inc.*, 192 Cal. App. 4th 1149, 1154 (2011).  California has a comprehensive

17  nonjudicial foreclosure scheme that is covered in Civil Code sections 2924 through 2924k,

18  which provides for a nonjudicial foreclosure sale pursuant to a power of sale contained in the

19  deed of trust.  *Id*.  The three primary purposes of having this scheme are:

20      (1) to provide the creditor/beneficiary with a quick, inexpensive and efficient
21      remedy against a defaulting debtor/trust; (2) to protect the debtor/trustor from
        wrongful loss of the property; and (3) to ensure that a properly conducted sale is
22      final between the parties and conclusive as to a bona fide purchaser.

23  *Moeller v. Lien*, 25 Cal. App. 4th 822, 830 (1994).

24      "These [nonjudicial foreclosure] provisions cover every aspect of exercise of the power

25  of sale contained in a deed of trust."  *I.E. Associates v. Safeco Title Ins. Co.,* 39 Cal.3d 281, 285

26

27      [2]Although there are narrow exceptions to the tender rule, Plaintiff has failed to plead any facts
28  qualifying for an exception.  *See Lona*, 202 Cal. App. 4th at 112-114.  Accordingly, the Court will not
    address the issue of whether Plaintiff is qualified for an exemption from the tender rule.

(1985).  Accordingly, California courts have refused to read any additional requirements into the nonjudicial foreclosure statute and have refrained from addressing the issue of whether the person initiating the foreclosure process is authorized to do so.  *Gomes*, 192 Cal. App. 4th at 1154-1156.  However, the Court will continue and address the rest of Plaintiff's contentions.

The "MERS System" is a method intended to facilitate the securitization of real property debt instruments.

> MERS is a private corporation that administers a national registry of real estate debt interest transactions. Members of the MERS System assign limited interests in the real property to MERS, which is listed as a grantee in the official records of local governments, but the members retain the promissory notes and mortgage servicing rights. The notes may thereafter be transferred among members without requiring recordation in the public records.

*Fontenot v. Wells Fargo Bank, N.A.*, 198 Cal. App. 4th 256, 267 (2011).

Although the MERS System has been challenged, California courts have come down on the side of MERS.  *Id.*

Plaintiff claims that the 2007 DOT is defective because it vests legal title and the power of sale in two entities simultaneously.  (FAC ¶ 20, Ex. C.)  Plaintiff alleges, on information and belief, that because MERS had the possession of the private right of sale, it placed both MERS and First American Title Company simultaneously in the role as trustee because both entities possessed legal title and the power of sale.  (FAC ¶ 20.)  Due to this, Plaintiff claims the deed of trust could not have provided the basis for a valid foreclosure.  The 2007 DOT designates MERS as both the "nominee for the beneficiary" and as the "beneficiary."  (Ex. C.)  This does not place MERS in a dual role because, as acting as a nominee for the beneficiary, MERS is essentially acting as an agent for the lender.  *See Fontenot,* 198 Cal. App. 4th at 272-73.  "The legal implication of this designation is that MERS may exercise the rights and obligations of a beneficiary of the deed of trust, a role ordinary afforded the lender, but it will exercise those rights and obligations only as an agent for the lender, not for its own interests."  *Id.*  Therefore, MERS's possession of a private right of sale was in its capacity as an agent for the lender.

Additionally, Plaintiff alleges that the NOD was unlawful and the foreclosure sale should be set aside for a variety of reasons.  First, Plaintiff alleges that there was no recorded

1  assignment of the 2007 DOT from Homewide/MERS to ASC prior to the NOD. (FAC ¶ 26.)
2  Next, Plaintiff contends that NDex West did not have standing to commence the foreclosure
3  process as of January 2010 because it did not have the authority to act as the trustee. (*Id.*)
4  Lastly, Plaintiff claims that at no time was defendant MERS the agent or nominee of defendant
5  ASC, and therefore, MERS had no interest in the 2007 DOT to assign. (*Id.*)

6      The Court shall address each of Plaintiff's contentions in turn. Contrary to Plaintiff's
7  assertion, notes transferred among members of the MERS system do not have to be recorded in
8  public records. *See Fontenot*, 198 Cal. App. 4th at 267. The Court will abstain from addressing
9  the issue of whether NDex West had standing to commence the foreclosure process.
10  "[N]owhere does the statute [for nonjudicial foreclosure] provide for a judicial action to
11  determine whether the person initiating the foreclosure process is indeed authorized, and we see
12  no ground for implying such an action." *Gomes*, 192 Cal. App. 4th at 1155. Lastly, "[t]o state a
13  claim, plaintiff was required to allege not only that the purported MERS assignment was invalid,
14  but also that [Citibank] did not receive an assignment of debt in any manner." *See Fontenot*, 198
15  Cal. App. 4th at 271-272. Therefore, it is not enough for Plaintiff to argue that MERS had no
16  interest in the 2007 DOT to assign to Citibank. Rather, he must allege that Citibank did not
17  receive a valid assignment of the debt in *any* manner. *See id.* (emphasis added.)

18      For the foregoing reasons, Plaintiff does not have a plausible claim for declaratory relief
19  based on his pleadings.

20  **C.    Plaintiff's Remaining Four Causes of Action Do Not Meet The Pleading
21         Standard Set Out in *Twombly*.**

22      Plaintiff's remaining causes of action–Slander of Title; Lack of Standing and Request to
23  Set Aside Trustee's Sale; Wrongful Eviction; and Injunction–do not state plausible claims on its
24  face. All of these causes of actions are premised on the assumption that the MERS assignment
25  to Citibank was invalid. As discussed above, this argument lacks merit. Accordingly, because
26  the remainder of his claims are based on a legally faulty assumption, they will be dismissed.
27  ///
28  ///

**IV.     CONCLUSION & ORDER**

In light of the foregoing reasons, the Court **GRANTS WITHOUT LEAVE TO AMEND** Defendants' motion to dismiss the FAC. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) ("[A] district court may dismiss without leave where . . . amendment would be futile."). The Clerk of the Court is directed to close this case.

**IT IS SO ORDERED**.

DATED:  July 30, 2012

_____
M. James Lorenz
United States District Court Judge

COPY TO:

HON. JAN M. ADLER
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL

9

12cv1410